IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

|  |  |  |
|---|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, | ) ) ) ) |  |
| Plaintiff, | ) ) |  |
| v. | ) ) | Civil Action No. _____ |
| CARDIOVASCULAR CARE GROUP, INC., | ) ) ) ) |  |
| Defendant. | ) |  |

## COMPLAINT

Plaintiff Zurich American Insurance Company by way of Complaint against defendant Cardiovascular Care Group, Inc., says:

## THE PARTIES

1. Plaintiff Zurich American Insurance Company (hereinafter "ZAIC") is a New York corporation engaged in the insurance business with a statutory home office located at One Liberty Plaza, 165 Broadway, 32nd Floor, New York, New York 10006, and its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196.  ZAIC is authorized to transact business and has transacted business in the State of New Jersey.

2. Defendant Cardiovascular Care Group, Inc. ("Defendant") is a corporation organized under the laws of the State of Delaware with a principal place of business at 3322 West End Avenue, Floor 11, Nashville, Tennessee 37203-1031

## JURISDICTIONAL ALLEGATIONS

3. The amount in controversy between the parties exceeds $75,000.

4. Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

## FACTUAL BACKROUND

5. ZAIC repeats, restates and realleges the allegation of Paragraphs 1 through 4 as if fully set forth herein.

6. ZAIC issued a policy of workers' compensation and employers liability insurance to Defendant under Policy No. WC 0174293-00 for the effective dates of July 01, 2014 to July 01, 2015 (the "2014 Policy"). Attached hereto as **Exhibit A**, is a true and correct copy of the 2014 Policy.

7. ZAIC issued a renewal policy of workers' compensation and employers liability insurance to Defendant under Policy No. WC 0174293-01 for the effective dates of July 01, 2015 to July 01, 2016 (the "2015 Policy"). Attached hereto as **Exhibit B**, is a true and correct copy of the 2015 Policy. The 2014 Policy and the 2015 Policy are collectively referenced herein as the "Policies."

8. The Policies are insurance contracts which provide insurance for certain liabilities of Defendant as set forth in the Policy.

9. ZAIC fulfilled its contractual obligations and provided the coverage afforded by the Policies.

10. Pursuant to the terms of the Policies, initial premiums for the Policies are based on information submitted by Defendant regarding its estimated exposure (i.e. payroll) for the effective dates of coverage.

11. Since initial premiums are based on estimated information, the Policies are subject to a post-expiration audit based on actual exposure during the effective dates of coverage. The audit can result in additional or return premiums.

12. The audit of the 2014 Policy produced additional premiums in the amount of $191,373 owed by Defendant to ZAIC.

13. ZAIC issued invoices and/or demands for payment of the unpaid audit premiums for the 2014 Policy in a timely fashion.

14. Defendant has failed and refused to remit payment of the audit premiums for the 2014 Policy.

15. Defendant submitted multiple claims for coverage under the Policies.

16. Pursuant to the terms of the Policies, Defendant has, *inter alia*, deductible obligations of $100,000 per claim submitted for coverage.

17. ZAIC issued invoices and/or demands for payment of the unpaid deductibles in the amount of $200,091.82 to Defendant in a timely fashion.

18. Defendant has failed and refused to remit payment of the unpaid deductibles for the Policies.

19. Defendant is currently indebted to ZAIC in the amount of $391,464.82 ($191,373 + $200,091.82) due to its failure and refusal to remit payment of the a.

20. ZAIC has repeatedly demanded payment of the $391,464.82 balance owed by Defendant to ZAIC and attempted to collect same without success.

## COUNT ONE
### (Breach of Contract)

21. ZAIC repeats, restates and realleges the allegation of Paragraphs 1 through 20 as if fully set forth herein.

22. Defendant has failed, refused and continues to refuse to pay the $391,464.82 balance due and owing to ZAIC.

23. ZAIC has consistently met and fulfilled its contractual obligations to Defendant.

24. Defendant, through its failure and refusal to remit payment, has breached the contracts, i.e. the Policies.

25. Defendant's failure and refusal to pay the $391,464.82 balance which it owes to ZAIC has resulted in damages to ZAIC in the amount of $391,464.82.

**WHEREFORE**, ZAIC demands judgment against Defendant in the amount of $391,464.82 for compensatory damages, together with pre-judgment and post-judgment interest, attorney's fees, discretionary costs and such further relief as this Court deems just and proper.

## COUNT TWO
### (Unjust Enrichment)

26. ZAIC repeats, restates and realleges the allegation of Paragraphs 1 through 4 as if fully set forth herein.

27. ZAIC has provided insurance coverage and related services to Defendant for which Defendant has refused to pay.

28. Defendant acknowledged and accepted the insurance coverage and related services provided by ZAIC.

29. Defendant benefitted from the insurance coverage and related services provided by ZAIC.

30. Defendant has been unjustly enriched by the insurance coverage and related services to ZAIC's detriment.

31. It would be unconscionable to Defendant to retain the benefits of the insurance coverage and related services without payment to ZAIC.

32. ZAIC has repeatedly demanded that Defendant remit payment for the insurance coverage and related services provided by ZAIC.

33. Defendant's failure and refusal to pay the $391,464.82 balance which it owes to ZAIC has resulted in damages to ZAIC in the amount of $391,464.82.

**WHEREFORE**, ZAIC demands judgment against Defendant in the amount of $391,464.82 for compensatory damages, together with pre-judgment and post-judgment interest, attorney's fees, discretionary costs and such further relief as this Court deems just and proper.

### COUNT THREE
(Account Stated)

34. ZAIC repeats, restates and realleges the allegation of Paragraphs 1 through 4 as if fully set forth herein.

35. Defendant, being indebted to ZAIC in the sum of $391,464.82 upon an account stated between them, promised to pay ZAIC said sum on demand.

36. ZAIC has demanded payment of the amount due and owing from Defendant to ZAIC on numerous occasions prior to filing the instant litigation.

37. ZAIC have attempted to collect the amount due and owing from Defendant to ZAIC without success.

38. Defendant's failure and refusal to pay the $391,464.82 balance which it owes to ZAIC has resulted in damages to ZAIC in the amount of $391,464.82.

**WHEREFORE**, ZAIC demands judgment against Defendant in the amount of $391,464.82 for compensatory damages, together with pre-judgment and post-judgment interest, attorney's fees, discretionary costs and such further relief as this Court deems just and proper.

<u>May 17, 2017</u>
Date

Respectfully submitted,

DICKINSON WRIGHT PLLC

<u>/s/ John E. Anderson</u>
John E. Anderson, # 13698
424 Church Street, Suite 1401
Nashville, Tennessee 37219
(615) 244-6538

BRESSLER, AMERY & ROSS, P.C.
Dennis E. Kadian (to be admitted *pro hac vice*)
325 Columbia Turnpike
Florham Park, New Jersey 07932
(973) 514-1200
*Attorneys for Plaintiff*

NASHVILLE 38387-230 602396v1